IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| CHARLES V. JACKSON | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § | Civil No. 1:09cv787-HSO-JMR |
| | § | |
| LOWE'S HOME CENTERS, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND
DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE**

BEFORE THE COURT is Defendant's Motion to Dismiss [13], filed on June 18, 2010, in the above-captioned cause. Pursuant to Federal Rule of Civil Procedure 37, Defendant seeks dismissal of Plaintiff's case with prejudice, for failure to comply with this Court's orders. After consideration of the record and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion to Dismiss [13], should be granted in part and denied in part, and that Plaintiff's claims should be dismissed without prejudice.

I. DISCUSSION

Plaintiff filed suit in the Circuit Court of Harrison County, Mississippi, First Judicial District, on or about September 23, 2009. Defendant removed the case to this Court on December 7, 2009. *See* Notice of Removal, at p. 1. On April 5, 2010, Defendant filed its Notices of Service of First Sets of Interrogatories [7] and Requests for Production [8]. On May 5, 2010, Plaintiff filed his Notices of Service [10], [11] of his Responses to these discovery requests. On May 25, 2010, however, Defendant filed a Motion to Compel Discovery [12], with an accompanying Good Faith Certificate and Affidavit of Counsel, stating that Defendant had not received

Plaintiff's discovery responses as of that date. Plaintiff did not respond to the Motion to Compel, and Chief United States Magistrate Judge John M. Roper granted Defendant's Motion to Compel by Text Order dated June 1, 2010. Judge Roper's Text Order required that "Plaintiff should fully respond to propounded discovery and produce documents referenced in disclosure on or prior to June 14, 2010." June 1, 2010, Text Order. Since the date of the Text Order, Plaintiff has not filed any Notice of Service of his discovery responses.

Defendant filed the present Motion to Dismiss [13] on June 18, 2010, stating that Plaintiff had not produced discovery responses as of that date. After Plaintiff failed to respond to this Motion to Dismiss, the Court entered a Text Order "directing Plaintiff to file any Response to Defendant's [13] Motion to Dismiss, or to notify the Court of his intention not to respond to the Motion, on or before Monday, July 19, 2010." July 13, 2010, Text Order. Plaintiff filed no Response, nor did he notify the Court of his intention not to respond to, the Motion to Dismiss. The Court entered a Show Cause Order [14] on July 26, 2010, which ordered Plaintiff "to show cause, in writing, on or before August 9, 2010, why this case should not be dismissed for failure to prosecute and failure to comply with the Court's June 1, 2010, and July 13, 2010, Orders." Order [14], at p. 2. Plaintiff has not filed any Response to the Show Cause Order to date. Nor has Plaintiff filed any other pleadings in this matter since the May 5, 2010, Notices of Service [10], [11] of discovery Responses.

This Court has the authority to dismiss an action for Plaintiff's failure to

prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630-31. In addition, Rule 37(b) allows the Court to dismiss an action or proceeding in whole or in part for a party failing to obey an order to provide or permit discovery. *See* FED. R. CIV. P. 37(b)(2)(A)(v).

The record in this case is clear that Plaintiff has failed to comply with three (3) of this Court's Orders, the first of which was entered over two months ago. Moreover, the discovery deadline in this case is October 1, 2010, less than two months from today's date. *See* Case Management Order [5]. The Court is of the opinion that dismissal for failure to prosecute, as well as for failing to provide discovery, is warranted in this case.

Defendant requests dismissal of this action with prejudice. It is true that a dismissal for failure to prosecute may be with prejudice. *See Link*, 370 U.S. at 629. However, the Fifth Circuit has "deemed dismissal with prejudice a 'draconian remedy' and a 'remedy of last resort.'" *F.D.I.C. v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994) (*quoting Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir.

1985)). The Fifth Circuit has warned that such a "lethal weapon" should only be used under extreme circumstances, when lesser sanctions would have proved futile. *See id.* (*citing E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993); *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir. 1984)). Though Defendant has had to defend this action for over eight (8) months and has unsuccessfully tried to engage in meaningful written discovery with Plaintiff, the Court is nevertheless of the opinion that dismissal of Plaintiff's claims without prejudice is appropriate in this case.

## II. CONCLUSION

For the reasons stated herein, this Court will grant Defendant's Motion to Dismiss in part, and will dismiss the Complaint in this cause pursuant to Rules 37(b) and 41(b), without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss [13] filed on June 18, 2010, should be and hereby is **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff's case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 17th day of August, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE